UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JAMES D. MCCONNELL, ) | |
| ) | Case No. 4:23-cv-24 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, THOMAS JAMES ) | |
| VILSACK, in his official capacity, and ) | |
| KEVIN SHEA, in his official capacity, ) | |
| ) | |
| *Defendants*. ) | |

**ORDER**

Before the Court is Plaintiff James McConnell's motion for an injunction pending appeal (Doc. 37). For the reasons set forth below, Plaintiff's motion (Doc. 37) will be **DENIED**.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed this action on July 14, 2023 (Doc. 1), and moved for a preliminary injunction, arguing that the United States Department of Agriculture's ("USDA") administrative structure is facially unconstitutional. (Doc. 17, at 9.) Specifically, he argued that the process "violates the Appointments Clause, the Seventh Amendment, and Article III." *Id.* The Court denied his motion for a preliminary injunction on September 13, 2023 (Doc. 30), and Plaintiff filed a notice of appeal on September 21, 2023. (Doc. 33.)

Plaintiff now moves for an injunction pending his appeal (Doc. 37), arguing that he is likely to succeed on the merits of his argument that the USDA Judicial Officer ("Judicial Officer") is improperly "exercising principal-officer power." (Doc. 38, at 4.)

## II. STANDARD OF REVIEW

A party "must ordinarily move first in the district court" for an order "granting an injunction while an appeal is pending." Fed. R. App. P. 8(a)(1). If the district court denies the motion for an injunction, a motion may then be made to the court of appeals or one of its judges.[1] Fed. R. App. P. 8(a)(2).

In considering whether to grant an injunction pending appeal, courts consider the following four factors: (1) the moving party's likelihood of success on the merits, (2) whether the moving party will suffer irreparable harm absent an injunction, (3) the lack of harm to other parties if an injunction is granted, and (4) whether the public interest supports granting an injunction. *State of Ohio ex rel. Celebrezze v. Nuclear Regul. Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987). The moving party has the burden of establishing these factors. *Id*.

These factors are identical to those already considered by the Court in denying Plaintiff's motion for a preliminary injunction. (Doc. 30); *see Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) ("[T]he factors to be considered are the same for both a preliminary injunction and a stay pending appeal."). Nothing has changed in the Court's analysis of these factors.[2] (*See generally* Doc. 30.) However, Plaintiff argues that "the Court did not address the dispositive question of whether the Judicial Officer holds an office

---

[1] Plaintiff filed a motion for an injunction pending appeal with the United States Court of Appeals for the Sixth Circuit on October 10, 2023. (Doc. 16 in Case No. 23-5844.)

[2] Plaintiff claims that the standard for obtaining an injunction pending appeal is lower than that for a preliminary injunction. (Doc. 38, at 3, 5.) Plaintiff states that, if he demonstrates that he is certain to suffer a substantial injury, he does not need to demonstrate "a high probability of success on the merits," only "serious questions going to the merits." (*Id.*) Defendant disputes that the "serious questions" standard applies here. (Doc. 40, at 3 n.1.) Regardless of whether Defendant is correct, for the reasons laid out in the Court's denial (Doc. 30, at 5–14), Plaintiff has neither raised serious questions as to the merits nor demonstrated that he is certain to suffer a substantial injury (*id.* at 14).

created by statute," and that he is likely to succeed on the merits of this argument. (Doc. 38, at 5.) The Court will address this argument now.

## III. ANALYSIS

### A. Officer Status

Plaintiff contends that "[t]he Appointments Clause requires that Officers of the United States hold offices established by Law." (Doc. 38, at 5.) (quotations and citations omitted). Plaintiff claims that the Judicial Officer does not hold an office established by law, and, therefore, is not an officer who may issue final decisions.[3] (*Id.* at 6.) However, the Court has no issue concluding that the Judicial Officer holds an office established by law.

"To qualify as an officer, rather than an employee, an individual must occupy a continuing position established by law and must exercis[e] significant authority pursuant to the laws of the United States." *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2047 (2018) (citations omitted). Because Plaintiff does not argue that the position of Judicial Officer is not continuous or that he does not exercise significant authority, the only issue is whether the position is established by law.

The position of Judicial Officer is established by regulation, pursuant to the statutory authorization of Congress. 7 C.F.R. § 2.35; 10 Fed. Reg. 13769; 7 U.S.C. § 2204-2. Sixth

---

[3] Plaintiff's argument appears to stem from a single sentence in *United States v. Arthrex Inc.*, 141 S. Ct. 1970 (2021), in which the Supreme Court stated that, "[o]nly *an officer* properly appointed to a principal office may issue a final decision binding the Executive Branch." 141 S. Ct. 1970, 1985 (2021) (emphasis added). Plaintiff cites no other authority that supports this proposition. As the Court noted in its denial of Plaintiff's motion for a preliminary injunction, the Court finds it unlikely that *Arthrex* created any new bright-line rule based on this one sentence. (Doc. 30, at 8.) Any single statement must be read in context, and *Arthrex* did not contain any analysis of the importance of the distinction between employees and officers as it related to the power to issue final decisions, since "no party dispute[d] that APJs are officers . . . ." *Arthrex*, 141 S. Ct. at 1980.

Circuit precedent establishes that a person can be an officer when the person's office is created by regulations alone. In *Varnadore v. Secretary of Labor,* 141 F.3d 625 (6th Cir. 1998), the Department of Labor's Administrative Review Board ("ARB") was challenged as violating the Appointments Clause. The ARB was created by a regulation that laid out its organization and structure. *Id.* at 629 (citing 61 Fed. Reg. 19979). Despite this fact, the court determined that "the members of the ARB are, at most, 'inferior' officers that the Appointments Clause allows the heads of departments . . . to appoint" and that "the Appointments Clause was not offended by the creation of the ARB."[4] *Id.* at 631. Other circuits have reached the same conclusion. *See e.g.*, *Duenas v. Garland,* 78 F.4th 1069 (9th Cir. 2023) (holding that Board of Immigration Appeals members are officers despite their positions being established by regulation).

Plaintiff nonetheless argues that *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), held that for an office to be "established by law," it must be "created by statute, down to its duties, salary, and means of appointment." (Doc. 38, at 5.) (quoting *Lucia*, 138 S. Ct. at 2053). However, *Lucia* only stated that creating an office by statute was *sufficient* for that office to be established by law. 138 S. Ct. at 2053. *Lucia* did not hold that creation by statute was *necessary* for an office to be established by law. *Id.* Plaintiff's argument illustrates the problem with such a rule. Plaintiff argues that "[t]here is no statute creating the office of Judicial Officer," rather "the Judicial Officer was created by the Secretary pursuant to statutes permitting the Secretary to

---

[4] In *Willy v. Administrative Review Board*, 423 F.3d 483 (5th Cir. 2005), the Fifth Circuit also concluded that the ARB was composed of inferior officers who were properly appointed by the Secretary of Labor. In *Willy*, the petitioner argued that "Congress's generic delegation to the Secretary of Labor at 29 U.S.C. § 551 contains no officer appointment authority, and there is no authority in any federal environmental statute to appoint inferior officers for purposes of hearing employee protection claims." *Id.* at 490. However, the court disagreed, stating that "[e]ven though we recognize that no specific federal statute creates the ARB, we hold that the Secretary possesses the requisite congressional authority to appoint members to the ARB to issue final agency decisions." *Id.* at 491.

delegate his authority." (Doc. 38, at 5.) This is a thin distinction which would favor form over function and would frustrate the intent of Congress.[5] The Court cannot adopt such a restricted view of what it means for a position to be "established by law."

Because the position of the Judicial Officer is established by law, Plaintiff is unlikely to succeed on the merits of his argument.

IV.     CONCLUSION

For these reasons and the reasons already stated in the Court's memorandum opinion denying Plaintiff's motion for preliminary injunction (*see generally* Doc. 30), Plaintiff's motion for an injunction pending appeal (Doc. 37) is **DENIED.**

**SO ORDERED**.

/s/ *Travis R. McDonough*
TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE

---

[5] The 1940 Schwellenbach Act also could also be viewed as establishing the position of Judicial Officer by statute, albeit more obliquely. 7 U.S.C. § 2204-2. In this statute, Congress vested the Secretary of Agriculture with the ability to delegate his final decision-making authority to not more than two "officers or employees" and allowed the Secretary "to assign appropriate titles to such officers or employees." *Id.* Though the statute does not use the words "Judicial Officer," if not for this statute, the position of Judicial Officer could not exist. *Id.*